```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     NORTHERN DIVISION
```

SAMI BELISHA,                     :

    Petitioner,                   :

vs.                               :
                                  CIVIL ACTION No. 07-00512-WS-B
                                         :

DAVID O. STREIFF, *et al.*,       :

    Respondents.                  :
                                         :

## REPORT AND RECOMMENDATION

Sami Belisha, a native of Albania, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging his continued detention by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). Following a careful review of the record, it is recommended that the instant petition be dismissed as moot because Belisha is no longer in ICE custody, having been repatriated to his native Albania on July 18, 2007.

**I.   FINDINGS OF FACT**

1.   Belisha acknowledges that he is a native of Albania. (Doc. 1, p. 3). ICE records indicate Belisha entered the United States near New York, New York on or around June 6, 2004, and that a Warrant of Removal/ Deportation was entered on October 30, 2006. (Doc. 11-2, Ex. 1). According to his petition, Belisha was ordered removed in

absentia after failing to attend an asylum hearing and was subsequently taken into custody by ICE on January 10, 2007. (Doc. 1, p. 1). Belisha contends he has not attempted to stay or prohibit his deportation in any way, specifically, he has not challenged his final order of deportation. (Id., p. 1-2).

2.   On July 18, 2007, Belisha filed the instant petition for writ of habeas corpus, wherein he argues that he is being unlawfully detained in custody more than 180 days following the final order of removal and has not been granted either a 90-day custody review or a 180-day custody review. In addition, Petitioner asserts that his continued detention by ICE violates the provisions of 8 U.S.C. 1231(a)(6) as interpreted by the United States Supreme Court in Zavydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001) (Doc. 1, p. 2-3). Belisha does not contest the order of removal but instead seeks immediate release from custody upon an order of supervised release pending deportation. (Id.)

3.    Respondents filed a response to Belisha's petition on September 12, 2007, wherein they advised the Court that Belisha was removed from the United States and repatriated to his native country on July 18, 2007.[1] (Doc. 11).

4.   The docket reflects that mail sent to Petitioner's address of record was returned to the Court as undeliverable on August 9,

---

[1] Respondents indicate that Belisha was deported to Albania via an Alitalia Airlines flight originating from Newark, New Jersey on July 18, 2007. (Doc. 11-2).

2007, August 30, 2007, and September 12, 2007. (Docs. 5, 9, and 12).

**II.     CONCLUSIONS OF LAW**

1.   "In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." He v. Gonzales, 2006 WL 1687796, *1 (W.D. La. 2006). Where, as here, a § 2241 petitioner has been released from federal custody and repatriated to his native country, thereby garnering the relief sought in filing his habeas corpus petition, the issue becomes whether there is any longer a live case or controversy or, instead, if the petition has become moot. See id.

2.   The Eleventh Circuit has observed that "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); See also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001) (same).  Moreover, "[t]he doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" Soliman, 296 F.3d at 1242.  Put another way, "a case

3

is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  In fact, "dismissal is required because mootness is jurisdictional." Id. (internal citations omitted).

3.   Several district courts have determined that once an alien § 2241 petitioner has been removed from the United States and deported to his native country, his petition seeking release from detention and ICE custody becomes moot as "there is no longer a live case or controversy as required under Art. 3, § 2, cl. 1."  Gauchier v. Davis, 2002 WL 975434, *2 (E.D. La. 2002); see Camara v. INS, 2007 U.S. Dist. LEXIS 2465 (S.D. Ala.); Xing Hai Liu v. Ashcroft, 218 F.Supp.2d 1 (D. Me. 2002) (petition for writ of habeas corpus dismissed as moot because petitioner had been returned to China); Malainak v. Immigration & Naturalization Service, 2002 WL 220061 (N.D. Tex. 2002)(§ 2241 petition dismissed as moot because petitioner was removed to his native country of Thailand).

4.   Much like the above-styled cases, this case has become moot.  Accordingly, the undersigned finds that Belisha's petition for habeas corpus relief is now moot because there exists no active case or controversy. This Court can no longer grant Petitioner the

relief requested in his petition, namely his immediate release from ICE's custody pending his removal to Albania, because this relief has already been afforded him. (See Doc. 11).  Because there is nothing to remedy even if this Court were disposed to do so, this action should be dismissed without prejudice. Soliman, supra, 296 F.3d at 1243, quoting Spencer v. Kemna, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998).

### III. CONCLUSION

The undersigned Magistrate Judge recommends that Belisha's petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be **DISMISSED** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **9th** day of **November, 2007.**

                                                **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)( c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this **9th** day of **November, 2007**.

>        /s/ SONJA F. BIVINS
> **UNITED STATES MAGISTRATE JUDGE**